IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**FEDERICO VILLA CORTES,**

  Plaintiff,

v.

**JOSE CALDERON, et al.,**

  Defendants.

No. 1:20-cv-00221-CL

**OPINION & ORDER**

_____

AIKEN, District Judge.

  This case comes before the Court on Plaintiff's Motion for Attorney Fees, ECF No. 39. Plaintiff seeks an award of attorney fees in the amount of $19,963.00 and costs in the amount of $594.70. For the reasons set forth below, Plaintiff's Motion is GRANTED.

## DISCUSSION

  Plaintiff brought claims to recover unpaid wages under Oregon wage and hour laws and under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et*

*seq*. Am. Compl. ECF No. 23. Defendants have not appeared in this case, despite being served, and were defaulted. A default judgment was entered against Defendants on January 19, 2022 in the amount of $13,138.60 for lost wages, unpaid wages, liquidated damages, penalty wages, and civil penalties. ECF No. 38. Defendants have not responded to Plaintiff's Motion for attorney fees and the time for doing so has now passed.

The FLSA is a fee-shifting statute. Upon finding a violation of the Act, the district court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Oregon law also provides for an award of "a reasonable sum for attorney fees" in actions for unpaid wages. ORS 652.200(2). In this case, Plaintiff has prevailed on claims for unpaid wages and under the FLSA and so the Court concludes Plaintiff is entitled to an award of attorney fees and costs.

Courts calculate attorney's fees using the lodestar method, i.e., multiplying the number of hours worked by a reasonable hourly rate. *See Perdue v. Kenny A.*, 559 U.S. 542, 551 (2010) (holding that "the lodestar approach" is "the guiding light" when determining reasonable fees). In determining the "reasonable hourly rate to use for attorneys and paralegals[,]" the court looks to the "prevailing market rates in the relevant community." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013) (citations and internal quotation marks omitted). The court excludes hours "that are excessive, redundant, or otherwise unnecessary." *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S.

424, 434 (1983)). The party seeking fees bears "the burden of documenting the appropriate hours expended in the litigation, and [is] required to submit evidence in support of those hours worked." *United Steelworkers of Am. v. Ret. Income Plan for Hourly-rated Emps. of Asarco, Inc.*, 512 F.3d 555, 565 (9th Cir. 2008) (internal quotation marks and citation omitted).

"[T]here is a strong presumption that the lodestar is sufficient." *Perdue*, 559 U.S. at 546. "'[A] multiplier may be used to adjust the lodestar upward or downward only in rare and exceptional cases, supported by both specific evidence on the record and detailed findings by the lower courts.'" *Summers v. Carvist Corp.*, 323 F. App'x 581, 582 (9th Cir. 2009) (quoting *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000)). "While in most cases the lodestar figure is presumptively reasonable, in rare cases, a district court may make upward or downward adjustment to the presumptively reasonable lodestar on the basis of those factors set out in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975), that have not been subsumed in the lodestar calculation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008) (internal quotation marks and citation omitted). The *Kerr* factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Kerr*, 526 F.2d at 69-70, *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992).

"The court need not discuss each of the [factors], so long as it discusses those most relevant to the particular case." *Quesada v. Thomason*, 850 F.2d 537, 539 (9th Cir. 1988). The court "must articulate with sufficient clarity the manner in which it makes its determinations." *Id.* (internal quotation marks and citation omitted).

In determining the lodestar fees, the Court will first examine the hourly rate sought by Plaintiff's counsel. Courts within this district use the most recent Oregon State Bar ("OSB") Economic Survey as a benchmark for comparing an attorney's billing rate with the fee customarily charged in the locality. *Precision Seed Cleaners v. Country Mut. Ins. Co.*, 976 F. Supp.2d 1228, 1244 (D. Or. 2013).

Plaintiff's attorney Michael Dale has been an attorney representing low-income clients for 46 years, specializing in employment law, civil rights, housing, immigration, and education. Dale Decl. ¶ 5. ECF No. 40. He is fluent in Spanish and has had a distinguished career practicing in state and federal courts, at both the trial and appellate level. *Id.* at ¶¶ 8-10. Plaintiff seeks to recover fees for Mr. Dale at an hourly rate of $495. *Id.* at ¶ 13. The median rate for a Portland attorney with over 30 years of experience is $425 and $495 represents the 75th percentile for attorneys with Mr. Dale's level of experience. The Court concludes that $495 is a reasonable rate for Mr. Dale.

Plaintiff's attorney Lizeth Marin was an attorney with the Northwest Workers' Justice Project ("NWJP") from January 2019 to July 2021. Dale Decl. ¶ 15. She

worked almost exclusively on employment cases, focusing on wage and hour cases for low wage workers who did not speak English. *Id.* Plaintiff seeks an hourly rate of $235 for Ms. Marin. *Id.* at ¶ 18. This is the median rate for a Portland attorney with 0 to 3 years of experience and slightly below the mean rate of $236 for attorneys with Ms. Marin's level of experience. The Court concludes that $235 is a reasonable rate for Ms. Marin.

Plaintiff's attorney Corinna Spencer-Scheurich has been an attorney for 17 years, representing Spanish-speaking immigrants in employment rights, civil rights, immigration, and consumer rights cases in federal and state court. Dale Decl. ¶ 20. Plaintiff seeks an hourly rate of $350 for Ms. Spencer-Scheurich. *Id.* at ¶ 28. The OSB Economic Survey lists $334 as the mean rate for a Portland attorney with between 16 and 20 years of experience with $400 representing the 75th percentile. The Court concludes that the requested rate of $350 is reasonable for Ms. Spencer-Scheurich.

Plaintiff also seeks to recover for work done by five NWJP law clerks for tasks that would otherwise have been performed by attorneys. Dale Decl. ¶ 30. "[A]ttorneys' fee awards permitted by statute frequently compensate for work performed by law clerks and legal assistants" when it is "for work that they are qualified to perform and that would otherwise have been performed by an attorney." *Kulapala v. Delgoda*, 3:15-cv-01890-BR, 2016 WL 1618285, at *1 (D. Or. April 21, 2016). In this case, Plaintiff seeks to recover fees for work done by NWJP law clerks at an hourly rate of $100. Dale Decl. ¶ 31. The Court concludes that this a reasonable

rate and comparable to awards in similar cases. *See Wilson v. Decibels of Oregon, Inc.*, Civ. No. 1:17-cv-01558-MC, Civ. No. 1:17-cv-01624-MC, 2019 WL 6245423, at *4 (D. Or. Nov. 22, 2019) (approving an hourly rate of $90 for work done by law clerks).

Turning to the hours claimed by Plaintiff's attorneys and the NWJP law clerks, the Court has reviewed Exhibit 2 of the Dale Declaration. ECF No. 40-2. Plaintiff claims 12.5 hours for Mr. Dale, 33.3 hours for Ms. Marin, 2.1 hours for Ms. Spencer-Scheurich, and 51.8 hours for the law clerks. The Court notes that Plaintiff's counsel carefully eliminated time spent on matters for which it would not be proper to bill their client. The Court concludes that the hours claimed by Plaintiff's counsel were reasonably expended and finds no cause to reduce the claimed hours. Additionally, the Court has considered the *Kerr* factors and given particular attention to the time and labor involved, the reputation of the attorneys, and the undesirability of the case and concludes that there is no basis for departing from the lodestar.

The Court therefore awards the full amount of fees requested by Plaintiff. For Mr. Dale, the Court awards fees in the amount of $6,187.50. For Ms. Marin, the Court awards $7,825.50. For Ms. Spencer-Scheurich, the Court awards $770.00. And for the law clerks, the Court awards $5,180.00. In total, the Court awards Plaintiff reasonable attorney fees in the amount of $19,963.00.

In addition to attorney fees, Plaintiff seeks to recover costs in the amount of $594.70, which represents the sum expended on serving Defendants, as well as costs for certified mail and printing. Dale Decl. Ex. 4. The Court concludes that these costs

are recoverable and properly supported.  Fed. R. Civ. P. 54(d)(1); Fed. R. Civ. P. 4(d)(2); 29 U.S.C. § 216(b).  The Court awards the full amount of the requested fees.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Attorney Fees, ECF No. 39, is GRANTED and Plaintiff is awarded fees in the amount of $19,963.00 and costs in the amount of $594.70.

It is so ORDERED and DATED this  6th  day of April, 2022.


     /s/Ann Aiken
ANN AIKEN
United States District Judge